IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LAUREN MOSELEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 2:23-cv-683-ECM |
| ) | (WO) |
| CHRISTOPHER IVAN HARRIS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is Plaintiff Lauren Moseley's ("Moseley") motion to remand. (Doc. 15). On September 8, 2023, Moseley, a Tennessee citizen, sued AmerisourceBergen Drug Corporation ("ABDC"), a citizen of Delaware and Pennsylvania; State Farm Mutual Automobile Insurance Company, an Illinois citizen; Ricky Gray ("Gray"), a Florida citizen; Commercial Express, Inc., a Florida citizen; Big's Trucking, a Florida citizen; Pamela Tarter, a Florida citizen; Jeffrey Tarter, a Florida citizen; Outlaw Express, LLC, a Florida citizen; United Services Automobile Association ("USAA"), a citizen of numerous states;[1] Christopher Harris ("Harris"), an Alabama citizen; and fictitious defendants[2] in the Circuit Court of Lowndes County, Alabama, Case

---

[1] The parties agree that USAA was improperly named as a defendant in this action and the Court granted a motion to correct this on the docket. (*See* doc. 39; doc. 15 at 1 n.1).

[2] For the purposes of determining whether this action is removable, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

Number 45-CV-2023-900034.00, for claims stemming from a traffic accident. (Doc. 1-2 at 4–7, paras. 1–17; 10–18, paras. 34–76).

Then, on November 22, 2023, ABDC removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Doc. 1). Exactly one month later, on December 22, 2023, Moseley moved to remand the case to state court. (Doc. 15). After careful consideration of the motion, briefs, supplementary filings, and applicable law, the Court finds that Moseley's motion (doc. 15) is due to be DENIED.

## II.  LEGAL STANDARDS

This Court, like all federal courts, is a "court[] of limited jurisdiction" and "possess[es] only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action initially filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). As relevant here, federal jurisdiction exists—and removal is proper—if the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a)(1), 1441(a); *Caterpillar Inc.*, 482 U.S. at 392.

"[T]he burden of establishing removal jurisdiction rests with the defendant seeking removal." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013). "Because removal jurisdiction raises significant federalism concerns," federal courts must "construe removal statutes strictly," and all doubts about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999). Moreover, subject matter jurisdiction may be challenged

at any point in the litigation by the parties or raised *sua sponte* by the Court. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("Unlike most arguments, challenges to subject-matter jurisdiction may be raised by the defendant 'at any point in the litigation,' and courts must consider them *sua sponte*." (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012))); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court].").

Apart from jurisdictional concerns, federal statutory law provides procedural steps that removing defendants must follow. For example, § 1441(b)(2) provides in relevant part that "[a] civil action otherwise removable solely on the basis of" diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added). Commonly referred to as the "forum defendant rule," this rule is procedural in nature rather than jurisdictional. *See generally Bowman v. PHH Mortg. Corp.*, 423 F. Supp. 3d 1286, 1291–92 (N.D. Ala. 2019) (describing the genesis of the "forum defendant rule" as a procedural requirement).[3]

Any challenge to removal based on a procedural defect must be raised in a motion to remand filed within thirty days of the filing of the notice of removal. *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of

---

[3] The Court here, and elsewhere in the opinion, cites to non-binding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

3

subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409 (11th Cir. 1997).

### III.  BACKGROUND AND PROCEDURAL HISTORY

This matter arises from a series of vehicular accidents that occurred on March 13, 2022.  On that day, Harris crashed into the rear of another automobile while traveling in the right, northbound lane on Interstate 65 ("I-65") in Lowndes County, Alabama (the "Harris accident").  Harris then managed to pull his car onto the right shoulder.  As a result of the Harris accident, all northbound traffic on I-65 near mile marker 154 in Lowndes County came to a halt.  Between nine and sixty-three minutes later,[4] a tractor-trailer driven by Gray crashed into a line of stopped vehicles nearly a mile behind the Harris accident, which was witnessed by Alabama state troopers tending to the Harris accident.  Moseley was a passenger in one of the cars struck by Gray's tractor-trailer (the "Moseley accident"). At the time of the accident, Moseley's car was in the left, northbound lane of I-65.

Moseley allegedly sustained severe physical injuries in the accident and subsequently filed this lawsuit in the Circuit Court of Lowndes County, Alabama on September 8, 2023. (Doc. 1-2 at 3, 10).  Then, on November 22, 2023, ABDC removed the case to this Court, asserting diversity jurisdiction. (Doc. 1).  All defendants, except Harris

---

[4] The parties contest the precise amount of time between the two accidents. (*See generally* doc. 15 at 4–6, paras. 9–11 (motion to remand); doc. 18 at 3–5, paras. 8–13 (ABDC's response); doc. 34 at 4–5, paras. 13–19) (ABDC's response to Moseley' supplementary filing)).  However, the precise amount of time is not relevant at this stage for purposes of ruling on the motion to remand.

4

and USAA, consented to removal.[5] (*See* doc. 1-31). In its notice of removal, ABDC asserted that Harris was fraudulently joined "for the purpose of destroying diversity [jurisdiction],"[6] (doc. 1 at 33, para. 115), and accordingly did not need to provide consent for removal, (*id.* at 45, para. 159). ABDC further asserted that Harris' addition to this case was "an attempt to avoid removal, after [a related case] was successfully removed,"[7] though it makes no explicit reference to the forum defendant rule. (*See id.* at 37, para. 133). However, ABDC did cite to 28 U.S.C. §§ 1441 and 1446 to state that it "satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy" and conclude that removal was proper. (*Id.* at 46, para. 60).

On December 22, 2023, Moseley moved to remand the case back to state court on jurisdictional grounds. (Doc. 15). The motion is now ripe for resolution.

## IV. DISCUSSION

**A.     Subject Matter Jurisdiction**

The basis of Moseley's motion for remand is that the Court "is without subject matter jurisdiction as there is no complete diversity of citizenship among the parties as required by 28 U.S.C. § 1332(a)." (Doc. 15 at 1, para. 1 (citing *Flintlock Constr. Servs.,*

---

[5] The parties agree that USAA was improperly named as a defendant in this action and the Court granted a motion to correct this on the docket. (*See* doc. 39; doc. 15 at 1 n.1). Therefore, consent by USAA is unnecessary for removal. *See* 28 U.S.C. § 1446(b)(2)(A) (stating that "all defendants who have been *properly joined* and served must join in or consent to the removal of the action." (emphasis added)).

[6] As will be later discussed, Harris' presence in the case does not destroy diversity jurisdiction.

[7] The related case is *Moseley, et al. v. Big's Trucking, et al.*, 2:23-cv-262-ECM (M.D. Ala. May 28, 2024). That case was brought by the driver of Moseley's car, along with the representative of the other passenger's estate following her death in the Moseley accident.

5

*LLC v. Well-Come Holdings*, LLC, 710 F.3d 1221, 1224 (11th Cir. 2013))). In particular, she contends that Harris' presence in the case destroys diversity. But "[c]omplete diversity [of citizenship] requires that no defendant in a diversity action be a citizen of the same state as any plaintiff." *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Here, Harris' inclusion in the lawsuit does not destroy diversity because Harris is a citizen of Alabama, whereas Moseley (the sole plaintiff) is a citizen of Tennessee. (*See* doc. 1 at 13–14, para. 48 (providing a chart alleging the citizenship of each party); doc. 15 at 1 n.1 (acknowledging that Moseley is a citizen of Tennessee)); *Flintlock Constr. Servs., LLC*, 710 F.3d at 1224 (describing what "diversity of citizenship" means in connection with § 1332(a)). And Moseley does not refute any other party's alleged citizenship. (*See* doc. 15 at 1 n.1). Thus, Moseley's argument that Harris destroys diversity is misplaced.

To further assuage any concerns about jurisdiction, the Court finds no basis to *sua sponte* challenge the undisputed assertions regarding the citizenships of the other parties, (doc. 1 at 13–14, para. 48 (providing a chart alleging the citizenship of each party)), or the allegations which demonstrate that the amount in controversy exceeds $75,000, (doc. 1 at 12, paras. 41–42 (citing Moseley's medical expenses totaling $117,618.25)). Therefore, this Court has subject matter jurisdiction pursuant to §§ 1332(a)(1) and 1441(a) because the parties are completely diverse, even with the inclusion of Harris, and the amount in controversy exceeds $75,000.

### B. Moseley's Forfeiture of Potential Procedural Defects

Moseley's motion does not expressly include arguments regarding potential procedural defects associated with 28 U.S.C. §§ 1441 and 1446, which govern the removal of civil suits to federal court. (*See generally* doc. 15). For instance, § 1441 contains a procedural rule which is commonly referred to as the "forum defendant rule." *See generally Bowman*, 423 F. Supp. 3d at 1288 (discussing the forum defendant rule). Section 1441 states in part, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants *is a citizen of the State in which such action is brought*." 28 U.S.C. § 1441(b)(2) (emphasis added). The Eleventh Circuit, as well as nine sister circuits, has concluded that the forum defendant rule is procedural, *not* jurisdictional. *See Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998) (noting that the forum defendant rule is a waivable procedural defect); *U.S. Bank Nat'l Ass'n v. Smith*, 693 F. App'x 827, 829 (11th Cir. 2017) (per curiam) (recognizing the forum defendant rule as procedural, rather than jurisdictional); *see also Holbein v. TAW Enterprises, Inc.*, 983 F.3d 1049, 1053 (8th Cir. 2020) (citing nine other circuits, including the Eleventh Circuit, in holding that a violation of the forum defendant rule is a "nonjurisdictional defect"). Harris, an undisputed citizen of Alabama, is a properly served defendant in this action, which was originally brought in the state courts of Alabama. Thus, Harris' presence as a defendant arguably implicates § 1441(b)(2)'s prohibition on removal in diversity cases involving a forum defendant. But as stated earlier, Moseley's motion to remand cites alleged defects with the Court's subject matter jurisdiction—*i.e.*, that the parties are not

completely diverse—*not* any alleged procedural defects. (*See generally* doc. 15).

Any procedural challenges which Moseley could have raised have been forfeited because she did not include them in her motion to remand or otherwise timely raise them within thirty days of the filing of the notice of removal as required by § 1447(c). Illustrative of this issue is the Eleventh Circuit's decision in *Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021). In *Shipley*, the plaintiff challenged the removal of her negligence action from Alabama state court "arguing that there was no subject matter jurisdiction in federal court because the parties lacked complete diversity." *Id.* at 1158. Her motion to remand was filed within thirty days after the notice of removal. *Id.* However, the plaintiff did not raise any procedural defects with removal in her motion. *Id.* at 1159. Then, fifty-four days after the notice of removal, the plaintiff argued in her reply that the defendants failed to remove the case within the statutory timeframe, which is a procedural defect. *Id.* Though the district court had diversity jurisdiction, it remanded the plaintiff's case after finding that she did not "waive"[8] her procedural objection and that the defendants did not file the notice of removal within thirty days after they became aware that the case was removable. *Id.* at 1158 n.1, 1159. The Eleventh Circuit vacated the district court's remand order after concluding that the district court had no authority to remand "because [the plaintiff] did not file a motion to remand based on a procedural defect within the 30-

---

[8] In *Shipley*, the Eleventh Circuit notes that "waiver" is intentional relinquishment or abandonment of a known right, whereas "forfeiture" is the failure to timely assert a right. 996 F.3d at 1161 n.3 (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). As such, the district court in *Shipley* mistakenly used "waiver" when it should have used "forfeiture." *Id.*

8

day time limit required by [§ 1447(c)]," which meant that the plaintiff "forfeited any procedural objection to removal." *Id.* at 1160–61.

Here, Moseley did not raise any procedural defects, timely or otherwise, such as in her motion to remand or her supplementary filing. (*See generally* doc. 15 (motion to remand); doc. 30 (Moseley's supplement)). Instead, similar to *Shipley*, Moseley focused on the jurisdictional issue of complete diversity in her motion to remand while remaining silent about potential procedural issues—like the forum defendant rule, which is not jurisdictional. The present case is distinguishable from *Shipley* in the sense that procedural objections never entered the record here, whereas such objections were at least belatedly raised in *Shipley*. Thus, Moseley's forfeiture of any procedural objections to removal is even more apparent than in *Shipley*.

Therefore, under Eleventh Circuit caselaw and the removal statute, Moseley forfeited any procedural defects as a basis for remand.[9] *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."); *Shipley*, 996 F.3d at 1160–61. Consequently, the motion to remand is due to be denied.

## V. CONCLUSION

In sum, the Court finds that it has subject matter jurisdiction over this action, and Moseley has forfeited any procedural challenges to removal by not raising such challenges

---

[9] Even if Moseley had not forfeited arguments that procedural defects in the removal are grounds for remand, it would not change the Court's conclusion that the motion to remand is due to be denied.

within thirty days from the filing of the notice of removal. Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Moseley's motion to remand (doc. 15) is DENIED.

DONE this 14th day of June, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE